UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WELLS FARGO BANK NATIONAL ASSOCIATION,

        Plaintiff,

v.                                                             Case No: 2:14-cv-273-FtM-29DNF

PROCORP ENTERPRISES, LLC, a Delaware limited liability company, THIEMAN ENTERPRISES, LLC, a Delaware limited liability company, TED H. THIEMAN, an individual, MARILYN L. THIEMAN, an individual, FIRST NATIONAL BANK OF PENNSYLVANIA, a national banking association, FLORIDA DEPARTMENT OF REVENUE, UNKNOWN TENANTS, 1434 S.W. 2nd St, and UNKNOWN TENANTS, 1457 S.W. 5th Street,

        Defendants.

## **ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on May 19, 2014.[1] Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between the parties. (Id., ¶ 10.) This requires complete diversity of

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). The Court is satisfied that the allegations support an amount in controversy in excess of $75,000. (See Doc. #1, ¶¶ 30-31, 47, 50.)

Plaintiff Wells Fargo Bank, N.A. alleges that it is a national banking corporation, and further alleges that defendant First National Bank of Pennsylvania (FNBP) is a national banking association. (Id., ¶ 3.) "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For diversity jurisdiction purposes, a national bank is a citizen of the State designated in its articles of association as its main office. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006). Therefore, plaintiff has failed to properly allege its own citizenship or the citizenship of defendant FNBP.

Plaintiff alleges that defendants Procorp Enerprises, LLC (Procorp) and Thieman Enterprises, LLC (Thieman) are limited liability companies "organized and existing under the laws of the State of Delaware." (Doc. #1, ¶¶ 4-5.) Plaintiff does not identify the members or the citizenship of the individual members of the limited liability company and a limited liability company

is a citizen of any state of which a <u>member</u> is a citizen. <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020 (11th Cir. 2004). Therefore, the Court cannot determine the citizenship of Procorp or Thieman, or that diversity of jurisdiction is present.

Plaintiff alleges that defendants Ted H. Thieman and Marilyn L. Thieman are individuals "residing" in the State of Ohio. "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. <u>Molinos Valle Del Cibao, C. por A. v. Lama</u>, 633 F.3d 1330, 1341 (11th Cir. 2011); <u>Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.</u>, 561 F.3d 1294, 1297 (11th Cir. 2009); <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted). The Court finds that plaintiff has failed to properly allege the <u>citizenship</u> of the individually named defendants. Therefore, no diversity of jurisdiction is alleged.

Plaintiff also names the Florida Department of Revenue, an agency of the State of Florida as a defendant. (Doc. #1, ¶ 9.) A State is not a "citizen" for purposes of diversity jurisdiction, although a political subdivision of the State is a citizen of the State for diversity purposes. Moor v. Alameda County, 411 U.S. 693, 717 (1973). A state agency may be sued by a citizen of another state if the agency "is invested with the power to sue and be sued, and possesses other generally recognized corporate powers." Dep't of Health & Rehabilitative Servs. v. Davis, 616 F.2d 828, 833 (5th Cir. 1980)[2](citations omitted). In this case, the Department of Revenue appears to be empowered to sue and be sued in its own capacity, see Fla. Stat. § 20.21,[3] although there are no allegations asserting that the Florida Department of Revenue has waived its Eleventh Amendment immunity from suit in federal court, see, e.g., Camm v. Scott, 834 F. Supp. 2d 1342, 1348-49 (M.D. Fla. 2011).

Plaintiff does not present any allegations as to the citizenship of the "unknown tenants", however the citizenship of

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] The Court will not address the issue of venue at this stage of the proceedings. See, e.g., Swinscoe v. Fla. Dep't of Revenue, 320 So. 2d 11, 12 (Fla. 4th DCA 1975).

4

defendants sued under fictitious names may be disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1). But cf. Brown v. TranSouth Fin. Corp., 897 F. Supp. 1398, 1401 (M.D. Ala. 1995) ("a federal court may decline jurisdiction where a person originally named as a fictitious defendant was an actual person known to both plaintiffs and defendants and was known to be a resident of the same state as plaintiffs.").

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of May, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record